IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:08-CV-289-FL

| | |
|---|---|
| SARNELL T. KELLY,  )<br>)<br>Plaintiff/Claimant,  )<br>)<br>v.  )<br>)<br>)<br>MICHAEL J. ASTRUE,  )<br>Commissioner of Social Security,  )<br>)<br>Defendant.  )<br>) | ORDER |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (DE ## 17 & 19), and plaintiff's timely objection to the memorandum and recommendations ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules plaintiff's objections to the M&R, and, except as otherwise stated in this order, adopts the findings in the M&R upholding defendant's decision denying benefits.

## STATEMENT OF THE CASE

Plaintiff protectively filed applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on October 10, 2003, alleging disability beginning February 1, 2002. (R. 17, 45-47, 417-19.) Plaintiff's claims were denied initially and upon reconsideration. (R. 17, 42-43, 415-16, 424-25.) Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") that was held on January 24, 2007. (R. 17, 426-80.) At the hearing, plaintiff was represented by counsel, and the ALJ received testimony from a

vocational expert ("VE") and a medical expert ("ME"). (Id.) The ALJ issued a decision on March 2, 2007, in which he found plaintiff "not disabled." (R. 24.) Plaintiff then sought review by the Appeals Council, which was denied, making the ALJ's opinion defendant's final decision. (R. 5-13.) Plaintiff filed the instant action seeking judicial review of defendant's denial of her claims on July 3, 2008.

After both parties filed their motions for judgment on the pleadings, the United States Magistrate Judge filed an M&R recommending this court deny plaintiff's motion, and allow defendant's motion. Plaintiff timely filed objections to the M&R. The time for response by defendant has now passed, and in this posture the issues raised are ripe for ruling.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing the final decision of defendant is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

2

magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff raises numerous objections to the findings in the M&R. Specifically, plaintiff objects to the magistrate judge's conclusions by renewing her contentions that the ALJ: (1) improperly assessed plaintiff's residual functional capacity ("RFC"); (2) improperly evaluated plaintiff's credibility; (3) improperly assessed the severity of plaintiff's medically-determinable impairments using the "special technique" for mental impairments prescribed by the applicable regulations; and (4) improperly declined to order an additional psychological consultative examination. Additionally, plaintiff makes two detailed objections that the magistrate judge incorrectly concluded that: (1) the ALJ's failure to discuss every impairment now alleged by plaintiff and appearing in the medical record was not error; and (2) the ALJ did not err by failing to discuss the possibility that plaintiff had a personality disorder that met or was medically equivalent to a listed impairment in the regulations.

The first four objections noted above – those regarding assessment of plaintiff's RFC, credibility, the application of the "special technique" for her mental impairments, and the ALJ's decision not to order another psychological consultative examination – consist of simply a statement of the issue raised and a reference to arguments previously made. After thorough *de novo* review of the record and issues raised by these objections, the court is satisfied that the magistrate judge adequately addressed these issues raised by plaintiff in the M&R. (See M&R 11-14 (reviewing the ALJ's assessment of plaintiff's mental impairments through proper application of the "special technique" prescribed in the applicable regulations), 19-21 (reviewing plaintiff's assertion that the ALJ was required to seek an additional psychological consultative examination), 21-25 (reviewing

3

the ALJ's assessment of plaintiff's credibility), 25-28 (reviewing the ALJ's evaluation of plaintiff's RFC).) The court finds the analysis and conclusions in the M&R on these issues to be sufficient, and where plaintiff raises no new arguments as to these issues, the court finds it appropriate to adopt the findings of the M&R as its own regarding plaintiff's first four objections. Plaintiff's objections on these issues are therefore overruled.

The remaining objections made by plaintiff likewise represent renewals of arguments plaintiff has made elsewhere in this case. Though the magistrate judge thoroughly addresses each issue, in light of plaintiff's arguments on these issues, the court finds it profitable to address these objections in greater detail. The first of these objections to address is plaintiff's contention that the magistrate judge incorrectly found that the ALJ did not err by failing to make an express determination regarding the severity of several of plaintiff's medical impairments.[1] Plaintiff asserts that the ALJ failed to account for the effect of those impairments on her ability to work in assessing her RFC. Plaintiff contends the magistrate judge's analysis of these assertions is erroneous in two respects: (1) in finding that the failure of a mentally challenged claimant to recall and testify to all of her impairments that have affected her functioning is *prima facie* evidence these conditions did not affect her ability to work; and (2) in stating plaintiff failed to cite evidence indicating that the

---

[1] The court notes that the exact gravamen of plaintiff's arguments here is not clear. Plaintiff's arguments could be read in one of two ways. First, plaintiff's arguments could be read to assert that the ALJ committed error by failing to make a specific severity finding with regard to all of her impairments at the second step of the sequential evaluation. Second, plaintiff's arguments could be read to assert that the ALJ improperly ignored the effect of certain impairments on plaintiff's ability to function in conducting the RFC analysis. The court notes that the first of these possibilities is incorrect as a matter of law. This court has previously found that it is not error for an ALJ not to make a determination regarding the severity of all of a claimant's impairments where the ALJ finds the claimant has a severe impairment or combination of impairments, and the ALJ considers the omitted impairments at later steps in the sequential evaluation. See Jones v. Astrue, No. 5:07-cv-452 (E.D.N.C. Feb. 23, 2009). The court therefore will address plaintiff's arguments in this matter only as they relate to the ALJ's failure to discuss certain impairments and their functional limitations in his assessment of plaintiff's RFC.

4

conditions in questions were severe.[2]

Specifically, plaintiff charges that the ALJ committed error by making no finding in his RFC determination regarding the functional effects of: (1) dizziness, fatigue, insomnia, with moderate-to-severe daytime somnolence; (2) paresthesias in left upper extremity/carpal tunnel syndrome; (3) pelvic inflammatory disease; (4) somatization disorder, chronic pain type; and (5) personality disorder, NOS.[3] (Pl.'s Mem. 16.) The magistrate judge addresses plaintiff's arguments here by noting first that none of these conditions were listed as impairments in either of plaintiff's applications for benefits or for reconsideration. (M&R 9.) Next, the magistrate judge notes that plaintiff did not testify to any of these impairments at her hearing when asked to identify those impairments affecting her ability to work, nor did plaintiff's counsel make an effort to elicit any of these impairments as affecting her ability to work. (Id.) Finally, the magistrate judge reviews the record, noting the lack of evidence in the record indicating that these conditions affect plaintiff's ability to work and that claimant cites no such evidence. (Id. at 17.)

Plaintiff now responds by essentially contending that the conclusions in the M&R would require mentally challenged claimants to be able to recite all of those impairments that have affected her function over a period of years for those impairments to be considered in an RFC analysis. Plaintiff misstates the import of the findings of the magistrate judge. No finding in the M&R requires mentally challenged individuals to be able to recall and testify to all of her impairments on

---

[2]This is not the first time plaintiff has raised this objection to the ALJ's analysis. In her letter to the Appeals Council, plaintiff made the same contentions asserted here regarding the ALJ's purported error in not discussing a host of impairments cited by plaintiff. (Compare R. 12 with Pl.'s Mem. 16-17.)

[3]Plaintiff devotes substantial space in her objections to issues involving the ALJ's alleged error in not making a determination whether plaintiff has a personality disorder that is equivalent to Listing 12.08 (Personality Disorders). 20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.08. As such, the court will address these issues in separate discussion below, setting them aside in this portion of the court's order.

5

demand. Rather, those findings correctly requires a claimant to allege that an impairment creates a functional limitation or restriction, or for there to be record evidence of an impairment's functional limitations or restrictions, before an ALJ must discuss the impact of the impairment on the claimant's RFC. See 20 C.F.R. § 404.1512(c); see also Wimberly v. Barnhart, 128 Fed. Appx. 861, 863 (3d Cir. 2005) ("The duty to evaluate a claimant's symptoms imposed by 20 C.F.R. 404.1529(c) does not extend to guessing what the impact of those symptoms may be. Rather, 20 C.F.R. 404.1512(c) and 20 C.F.R. 404.1545(a)(3) explicitly impose on the claimant the burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis.") "[A] condition that does not result in any functional impairment is not relevant to the RFC analysis." Wimberly v. Barnhart, 128 Fed. Appx. at 863. Nothing in this order, or in the M&R, has the effect alleged by plaintiff.

Plaintiff also points to evidence that she alleged problems related to the impairments omitted from the ALJ's discussion, and to record evidence that she contends demonstrates the functional limitations of those impairments. Plaintiff's cited evidence consists primarily of testimony given by plaintiff regarding her impairments, but also includes allegations she included on some forms. For instance, plaintiff cites her testimony that she suffers from chronic pain and from back spasms, which, in combination with the side effects of medications she takes, caused her to discontinue working shortly before her hearing. (Pl.'s Objections 3.) However, the ALJ, as the magistrate judge found, properly discounted the credibility of plaintiff's subjective complaints in his assessment of plaintiff's RFC. (R. 21; M&R 21-25.) In so doing, the ALJ directly addressed evidence related to plaintiff's complaints of chronic pain and her back pain. (R. 21 (noting a diagnosis of a chronic pain-type somatization disorder with a corresponding global assessment of functioning score

6

indicative of only mildly moderate symptoms and "unremarkable" physical examinations that tended to contradict plaintiff's complaints of musculoskeletal pain.)

Plaintiff similarly cites her testimony regarding paresthesias, dizziness and lightheadedness from going to the store, daytime somnolence,[4] and lack of energy. Plaintiff also asserts that she presented record evidence of the functional limitations of these impairments through counsel in the form of a brief submitted prior to plaintiff's hearing. (R. 131-33.) Review of this brief, however, reveals that it does not detail functional limitations related to these alleged impairments. (Id.) As already noted, the ALJ found plaintiff's complaints to be not consistent with the medical evidence. As such, the magistrate judge correctly found that the record does not demonstrate evidence of restrictions from these impairments that would require the ALJ to consider them in his RFC assessment. (M&R 10.) Plaintiff's objections to the M&R on this issue are therefore overruled.

Plaintiff takes two different approaches to her remaining objection regarding the ALJ's purported omission of Listing 12.08 (Personality Disorders) as one which plaintiff's impairments could meet or medically equal. First, plaintiff argues that the ME, Nathan R. Strahl, MD, PhD, testified that plaintiff did not meet or medically equal Listing 12.08 because he believes that personality disorders cannot disable an individual and that an inability to work based on an antisocial personality style is merely a "choice that's being made." (R. 473.) This testimony, plaintiff asserts, renders the ALJ's choice not to discuss the possibility that plaintiff has a disorder that is equivalent to Listing 12.08 erroroneous. Second, plaintiff argues that the record contains significant evidence that she has a personality disorder that meets or is medically equivalent to the criteria set forth in

---

[4] The court notes that plaintiff's testimony regarding daytime somnolence appears to be related to her migraine headaches and it does not appear to be a separate impairment. (R. 441, 457.)

7

Listing 12.08.

Plaintiff's first argument is unconvincing. First, the ALJ's opinion does not reference any testimony given by the ME. Second, as the magistrate judge discusses in the M&R, the record contains the opinion of a state agency medical expert who found that plaintiff did not have a personality disorder that met or medically equaled Listing 12.08, (R.274-87), and three other state agency consultants. (R. 246-48, 265-67, 300-02, 367-70.) Only one of these medical experts mentions a personality disorder diagnosis. (R. 302.) That medical expert also went on to state "I do not identify any specific psychiatric issues that would interfere with her ability to perform working relationships with coworkers or supervisors." (R. 302.) A second medical expert only references the need to "rule out cluster B traits."[5] (R. 248.) The ALJ's opinion relies extensively on the opinions of these state agency consultants instead of the ME's testimony. These opinions do not provide sufficient evidence to warrant a full discussion of whether plaintiff has an impairment that meets or is medically equivalent to Listing 12.08. Finally, review of the exchange between plaintiff's counsel and the ME reveals that, though the ME stated his personal belief that an "antisocial personality style" is not something that could render one unable to work, he also stated that such a decision was reserved to the ALJ. (R. 471-74.) Where it appears that the ALJ did not rely on the ME's testimony and that there was insufficient evidence to require the ALJ to engage in a full discussion of whether plaintiff has an impairment that meets or is medically equivalent to Listing 12.08, plaintiff's arguments on this point fail.

---

[5]Cluster B refers to a group of personality disorders characterized by behavior that appears "dramatic, emotional, or erratic." AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 630 (4th ed. 1994) [hereinafter DSM-IV]. Cluster B personality disorders include the Antisocial, Borderline, Histrionic, and Narcissistic personality disorders. Id.

8

Plaintiff's other argument to this issue is that the record contains significant evidence that plaintiff has a personality disorder that meets or is medically equivalent to the criteria set forth in Listing 12.08.[6] The evidence cited by plaintiff on this issue includes diagnosis from Scott Schell, M.D. of "personality disorder, not otherwise specified," (R. 302), the testimony of the ME that plaintiff has a "cluster B diagnosis," (R. 471-73), and various pieces of information taken from other state agency consultant reports. (Pl.'s Objections 7.) From this evidence, plaintiff deduces that she

---

[6]Listing 12.08 sets forth two sets of requirements:

Personality Disorders: A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

>   A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
>
>   1. Seclusiveness or autistic thinking; or
>
>   2. Pathologically inappropriate suspiciousness or hostility; or
>
>   3. Oddities of thought, perception, speech and behavior; or
>
>   4. Persistent disturbances of mood or affect; or
>
>   5. Pathological dependence, passivity, or aggressivity; or
>
>   6. Intense and unstable interpersonal relationships and impulsive and damaging behavior;
>
>   AND
>
>   B. Resulting in at least two of the following:
>
>   1. Marked restriction of activities of daily living; or
>
>   2. Marked difficulties in maintaining social functioning; or
>
>   3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
>   4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.08.

satisfies all of the criteria for Listing 12.08. To the contrary, as the magistrate judge correctly found, there is insufficient evidence in the record regarding plaintiff's personality disorder to warrant discussion of whether plaintiff has an impairment that meets or is medically equivalent to Listing 12.08. The ALJ found plaintiff to have only "moderate difficulties" in maintaining concentration, persistence or pace, "mild difficulties" in maintaining social functioning, "mild restriction" of her activities of daily living, and no episodes of decompensation of extended duration. (R. 21.) As discussed in the M&R, these findings by the ALJ are supported by substantial evidence. These findings also implicitly deny that plaintiff satisfies the Part B criteria of Listing 12.08. Part B of that Listing requires "marked" difficulties or restrictions in at least two of the four areas discussed by the ALJ. 20 C.F.R. pt. 404, Subpt. P, App. 1 § 12.08. Thus, plaintiff's arguments regarding Listing 12.08 would fail even if the ALJ had explicitly discussed whether plaintiff's alleged personality disorder met or was medically equivalent to Listing 12.08. However, as the magistrate judge also correctly found, the ALJ is only required to explicitly identify and discuss relevant listings of impairments where there is "ample evidence in the record to support a determination" that an impairment meets or medically equals a listing. (M&R 17-18 (citing Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999).) In this case, there is ample evidence that plaintiff does not have a personality disorder that meets or medically equals Listing 12.08. Plaintiff may disagree with the ALJ's determination regarding her difficulties in maintaining concentration, persistence or pace, maintaining social functioning, restrictions in activities of daily living, and episodes of decompensation, but where, as here, such determinations are supported by substantial evidence, such disagreement is insufficient to warrant reversal. Accordingly, plaintiff's objections on this issue are overruled.

## CONCLUSION

For all of the foregoing reasons, plaintiff's objections to the M&R are OVERRULED, and except as heretofore stated, the court adopts the findings of the magistrate judge as its own. Accordingly, defendant's motion for judgment on the pleadings is GRANTED, and plaintiff's motion for judgment on the pleadings is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 11th day of May, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge